UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD W. RHODES, JR.,

    Petitioner,

v.                                          Case No. 8:13-cv-686-T-23TBM
                                               **DEATH PENALTY**

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

    Rhodes petitions for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state convictions for first degree murder and attempted sexual battery, for which he was sentenced to death. Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of the petition for the writ of habeas corpus and a summary dismissal "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rhodes is barred from pursuing this second or successive petition.

    Rhodes's previous challenge to this same conviction in 8:09-cv-1350-T-17AEP was rejected on the merits. Both the district court and the circuit court declined to issue a certificate of appealability. (Doc. 28 and 35) On October 1, 2012, the Supreme Court denied Rhodes's petition for a writ of *certiorari*. (Doc. 39)

Rhodes claims entitlement to a new right allegedly created by *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 1315 (2012), specifically that the "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Rhodes contends both that *Martinez* creates a new right and that some grounds in his earlier federal petition were held procedurally barred because of post-conviction counsel's ineffectiveness.

Rhodes is precluded from pursuing a second or successive petition without permission from the Eleventh Circuit Court of Appeals. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999). The creation of a new rule of constitutional law is a basis for pursuing a second or successive petition. "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless . . . the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. . . ." 28 U.S.C. 2244(b)(2)(A).

Rhodes must prove to the circuit court that *Martinez* creates a new rule of constitutional law that retroactively applies on collateral review. Until he obtains

- 2 -

permission to file a second or successive petition, the district court lacks jurisdiction to review Rhodes's petition. *Burton v. Stewart*, 549 U.S.147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Accordingly, the petition for the writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice.  The motion (Doc. 2) to hold this case in abeyance is **DENIED** as moot.  The clerk shall close this case.

### DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Rhodes is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Rhodes must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the petition is clearly a second or successive petition, Rhodes cannot meet *Slack*'s prejudice requirement.  529 U.S. at 484.

Finally, Rhodes is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Rhodes must pay the full $455 appellate filing fee without installments unless the circuit court allows Rhodes to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on March 22, 2013.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE